# CARROLL,

## JULY TERM, A. D. 1850.

---

### TAYLOR & a. v. EMERY.

One J. T. G. Emery, owning $\frac{1187}{2375}$ of a tract of land, or one half of it, all his half was attached by the demandants, but the execution recovered in the suit was extended upon $\frac{118}{2375}$ of the land, only. The farm contained two hundred acres, and before the attachment J. T. G. Emery had conveyed fifty acres of his half, in fee and in mortgage. The tenant resisted the claim of the demandants to more than a fractional part of one hundred and fifty acres. *Held*, that as $\frac{118}{2375}$ parts were less than J. T. G. Emery owned, the demandants were entitled to recover that quantity, although there was probably a mistake in the extent, it being on $\frac{118}{2375}$ parts only, when it should have been upon one half or one quarter of the land, Emery's quarter part unincumbered being $\frac{594}{2375}$.

WRIT OF ENTRY, in which the plaintiffs demand seizin and possession of $\frac{118}{2375}$ parts, in common and undivided, in a farm in Tuftonborough, containing two hundred acres of land, and the buildings thereon, and allege a seizin in fee, &c.

The parties agree, that the farm contains two hundred acres, and that on the 15th day of July, 1839, the defendant owned one half of the farm in common and undivided. On that day, J. T. G. Emery owned the other half, and he then by a deed conveyed to J. Kenney, Jr., in fee and in mortgage, fifty acres of his half, in common and undivided.

On the 17th of July, 1839, the plaintiffs caused all the half of J. T. G. Emery to be attached on a writ against said J. T. G. Emery, John Peavey, and John Day, returnable at the Court of Common Pleas for the county of Strafford, to be holden at Guilford on the first Tuesday of August, then next; and the officer made a return upon the writ, that he left a true and

Taylor *v.* Emery.

attested copy of the writ, with a true and attested copy of his return thereon, " at the town-clerk's office of the town of Tuftonborough aforesaid," without further description of the office.

The writ was duly returned, the action entered, and judgment rendered thereon for the plaintiff, on the third Tuesday of January, 1840, for \$131.72 debt and \$20.39 costs; execution, 17 cents. The execution issued February 6th, 1840, and was returned satisfied, April 18, 1840, by a levy on this real estate.

The officer's return of the levy commences as follows : " Strafford, *ss.* — On the 27th of February, 1840, I commenced a levy of this execution, and in pursuance of the directions of Nehemiah Eastman, Esq., attorney of the creditors within named, on the 9th day of April, 1840, I extended the within execution upon $\frac{118}{2575}$ parts, in common and undivided, of the tract of land above described," (that is, in the appraisers' certificate.)

It appeared by the justice's certificate, that the appraisers were sworn on the 27th of February, 1840.

The appraisers certify, that they have carefully examined, &c., a tract of land, shown to them as the estate of the within J. T. G. Emery, situate in Tuftonborough, in the county of Strafford, and State of New Hampshire, bounded and described as follows, to wit : lying at Tuftonborough Corner, bounded southerly by land of Levi Libbey, 160 rods ; northerly by a cross road leading to Benjamin Peavey's, 200 rods ; north-easterly by Nathaniel Neal's land, 160 rods ; and south-easterly by land of widow Peavey and Trueworthy Durgin, and the road leading to Ossipee, 200 rods ; being the homestead farm where the said Emery now lives, with the buildings thereon ; and do upon our oaths say, that $\frac{118}{2575}$ parts in common and undivided of the same tract of land is of the value of \$118.09, and no more, and we have set off the same tract of land by metes and bounds as aforesaid, and have assigned said undivided part to said Taylor and Waldron, in satisfaction of this execution.

Seizin was acknowledged April 9th, 1840.

The execution was returned to the Registry of Deeds, April 15th, 1840, and recorded, and returned to the clerk's office of the county of Carroll, April term, 1840.

It is agreed, that the deed of J. T. G. Emery to J. Kenney, Jr., was received at the Registry, and recorded on the 17th of July, 1839, the same day the attachment was made ; and it does not appear which was first, the recording of the deed or the attachment of the land.

On the 19th of July, 1839, the right of J. T. G. Emery in this farm was attached on a writ in favor of Strafford County against-him and others, and judgment was recovered in that action, at the January term, 1840, on which execution was issued February 8th, 1840. A levy was made of the execution on the equity of redemption of J. T. G. Emery, and the equity of redemption was sold on the 10th of April, 1840, to Levi Libbey. It was advertised to be sold on the 9th day of April ; but it does not appear that the premises were offered for sale on the 9th of April, and no reason is assigned by the officer in his return for adjourning the sale to the next day.

It is further agreed, that Joseph Ela, the deputy-sheriff who sold the equity of redemption, executed a deed of the same to Libbey, on the 10th of April, 1840, which was recorded on the 22d of April, 1840 ; and on the 11th of May, 1840, Libbey made a deed of the equity of redemption to the defendant. On the same day, J. T. G. Emery gave a warranty deed of all his right and interest in the property to the defendant, and both these deeds were recorded on the 12th day of the same May.

Soon after the 12th of May, 1840, Horn, to whom the mortgage made by J. T. G. Emery to Kenney had been assigned, entered for the purpose of foreclosing his mortgage. It does not appear whether the foreclosure was ever completed or not.

After the extent, — but it does not appear whether it was before or after foreclosure, if any foreclosure was effected, — Horn applied to the judge of probate for the county, for a partition. A committee was appointed, and a commission issued. The committee gave notice of the time and place appointed by them for the execution of their commission, to the defendant, and to Nehemiah Eastman, who had acted as the attorney of the plaintiffs, (who live at Boston, Mass.,) in their action against J. T. G. Emery, but who had no other authority to act as their

agent. The committee met; Emery, the defendant, and Eastman, appeared, and made no objection. Mr. Emery said, "if you have any duties to do, proceed." And the committee made and reported a partition. Their report was accepted at the Court of Probate, and the assignee of the mortgage entered upon the part assigned to him by the committee, and has ever since been in possession.

The plaintiffs claimed judgment for $\frac{113}{2375}$ parts of the whole farm; the tenant resisted their claim to more than a fractional part of 150 acres.

A verdict was taken for the plaintiffs, by consent, subject to such amendment as in the opinion of the Superior Court the justice of the case may require; judgment to be rendered on the same, as amended.

*Hobbs* and *N. Eastman*, for the demandants.

*L. D. Sawyer*, for the tenant.

GILCHRIST, C. J.  The case finds that the farm in question contains two hundred acres, and that J. T. G. Emery owned one half of it. Using the denominator mentioned in the case, his interest may be represented by the fraction $\frac{1187}{2375}$, which is sufficiently accurate for the present purpose.

On the 17th of July, 1839, the plaintiffs caused " all the half" of J. T. G. Emery to be attached; and the result of the suit was, that an execution was levied on this real estate. The half was $\frac{1187}{2375}$, but the extent of the execution was upon $\frac{113}{2375}$ only, and it is only this proportion which, as the case finds, the demandants seek to recover; and the tenant resists their claim to more than a fractional part of 150 acres. It is very evident that there was a mistake in the extent of the execution, which was intended to be made upon $\frac{1187}{2375}$, or one half of the farm; whereas it was only upon $\frac{113}{2375}$. At the time of the attachment, J. T. G. Emery had mortgaged fifty acres of his half to Kenney, and after the mortgage he held $\frac{3}{4}$ of the whole farm, or $\frac{594}{2375}$ nearly free from incumbrance. We understand the position of the tenant

to be, that the demandant should not recover more than $\frac{594}{2375}$, or $\frac{1}{4}$ of the two hundred acres. But they do not claim so much as this, and no objection seems to be made to the quantity for which the execution was extended. It is unnecessary to inquire into any other matters stated in the case; and for $\frac{118}{2375}$ of the land there should be

*Judgment on the verdict.*